IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Eugene P. Luckey, | : | Case No. 1:06cv123 |
| | : | |
| Plaintiff, | : | Judge Susan J. Dlott |
| | : | |
| v. | : | ORDER GRANTING MOTIONS FOR |
| | : | JUDGMENT ON THE PLEADINGS |
| Butler County, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

Before the Court are Defendants' motions for judgment on the pleadings (docs. 7 and 8). For the reasons set forth below, the Court **GRANTS** Defendants' motions.

I.  BACKGROUND

On May 28, 2002, Butler County Sheriff's Deputies Wilson and Bower placed Plaintiff Luckey under arrest.  On June 7, 2005, Luckey filed a 42 U.S.C. § 1983 action in this Court against Wilson and Bower, as well as Liberty Township and Butler County, alleging that the force used to arrest him violated his civil rights.  *Luckey v. Butler Cty, et al.,* Case No. 1:05cv388 (S.D. Ohio, June 7, 2005).  The Court granted Luckey's motion for voluntary dismissal without prejudice in that case.  (*Id*. doc. 16.)  Luckey refiled the action on February 9, 2006, in the Butler County, Ohio, Court of Common Pleas, and Defendants removed the matter to this Court.  (Doc. 1.)

Defendants move for judgment on the pleadings on grounds that the applicable statute of limitations bars Luckey's claim.  Defendants argue that the statute of limitations applicable to § 1983 claims is Ohio Rev. Code § 2305.10, which requires that actions for bodily injury be filed

1

within two years after their accrual, and that Luckey did not file his complaint until more than two years after the incident. Luckey contends that a four-year, not a two-year, statute of limitations applies to § 1983 claims and, therefore, his claim is not time barred. (Doc. 12.)

## II.     ANALYSIS

The Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343(3). The Court reviews motions made under Rule 12(c) in the same manner it would review a motion made under Rule 12(b)(6). *Vickers v. Fairfield Medical Center*, 453 F.3d 757, 761 (6th Cir. 2006). Accordingly, to survive Defendants' motions for judgment on the pleadings, Luckey's complaint must "state a claim to relief that is plausible on its face." *In re OSB Antitrust Litigation*, Case No. 06-826, 2007 WL 2253419, *2 (E.D. Pa. Aug. 3, 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)).

The U.S. Supreme Court has held that, because federal law does not provide a statute of limitations applicable to § 1983 claims, the applicable statute of limitations must be borrowed from the state in which the cause of action arose. *Wilson v. Garcia*, 471 U.S. 261, 266 (1985). Here, the cause of action arose in Ohio, which has more than one possible applicable statute of limitations. The Supreme Court has instructed that, where there are multiple applicable statutes of limitations, the "general or residual" statute of limitations for personal injury actions should be applied. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989).

In *Browning v. Pendleton*, 869 F.2d 989, 991 (6th Cir. 1989) (en banc), the en banc U.S. Court of Appeals for the Sixth Circuit held that the applicable Ohio statute was Ohio Rev. Code § 2305.10, a two-year statute. However, the Ohio Courts of Appeals are split on the issue of whether or not to follow *Browning*, some holding that Ohio Rev. Code § 2305.09(D), a four-year

statute, applies.  *See*, *e.g.*, *Prohazka v. Ohio State Univ. Bd. of Trustees*, 1999 WL 1189036, at *8 (Tenth App. Dist., Dec. 16, 1999) (citing cases).

Notwithstanding the split in the Ohio appellate courts, this Court is bound by the en banc decision in *Browning*.  *See Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985) ("A panel of this Court cannot overrule the decision of another panel.  The prior decision remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision.") Furthermore, the Sixth Circuit has, on more than one occasion, affirmed that a two-year statute of limitations applies to § 1983 claims, rejecting plaintiffs' "attempts to get around *Browning*." *Banks v. City of Whitehall*, 344 F.3d 550, 553 (6th Cir. 2003) (citing *LRL Properties v. Portage metro Housing Authority*, 55 F.3d 1097, 1105 (6th Cir. 1995) and *Kuhnle Brothers, Inc. v. County of Geauga*, 103 F.3d 516, 519-20 (6th Cir. 1997)).  In confirming that the two-year statute of limitations applies to § 1983 actions in Ohio, the *Banks* Court noted that there have been no inconsistent decisions from either the Supreme Court or the Sixth Circuit.  *Id*. at 554.

Luckey does not contend that he filed this § 1983 action within two years of Defendants' allegedly unconstitutional conduct.  Because none of Defendants' actions of which Luckey complains occurred within two years of his filing of his lawsuit, this action is wholly barred by Ohio Rev. Code § 2305.10, the applicable statute of limitations.

### III. CONCLUSION

For the reasons set forth above, Defendants' Motions for Judgment on the Pleadings (docs. 7 and 8) are **GRANTED**.

IT IS SO ORDERED.

                                               s/Susan J. Dlott
                                               Susan J. Dlott
                                               United States District Judge